```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS N. CAMPBELL, SR.,        :
                                :
        Petitioner              :   No. 1:15-CV-01848
                                :
    vs.                         :   (Judge Kane)
                                :
WARDEN USP ALLENWOOD,           :
                                :
        Respondent              :
```

                               **MEMORANDUM**

**Background**

On September 24, 2015, Curtis N. Campbell, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the Warden of the United States Penitentiary, Allenwood ("USP-Allenwood"), as the Respondent. Doc. 1, Campbell's Petition.  Campbell also submitted a memorandum and exhibits in support of his petition. Docs. 2 & 3.  Campbell claims that his due process rights were violated during the course of a prison disciplinary hearing held at USP-Allenwood on May 26, 2015.[1] Id.  Campbell received Incident Report 2716879 charging him with violating Offense Code 111, "Introduction or making any narcotic, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff," a Greatest Severity Level Prohibit Act and was found

---

1. At some point after this hearing Campbell was transferred to the Special Management Unit at USP-Lewisburg.

guilty of that offense.[2] Doc. 3, at 1-4. The findings of fact set forth in the "Discipline Hearing Officer Report" which Campbell submitted as an exhibit reveal that Campbell attempted to introduce narcotics into USP-Allenwood during May, 2015. Id. After finding Campbell guilty, the Discipline Hearing Officer imposed the following sanctions: (1) 60 days disciplinary segregation; (2) 12 months loss of commissary privileges; (3) 12 months loss of telephone privileges; (4) 24 months loss of visitation privileges; and (5) 24 months non-contact visitation. Id. at 4. There is no indication that Campbell received loss of Good Conduct Time credit as a sanction for the Code 111 offense. Id.

The Discipline Hearing Officer Report reveals that on May 20, 2015, Special Investigative Services ("SIS") Technician M. Butler issued Campbell Incident Report 2716897. Doc. 3, at 1-4. Prior to the issuance of the Incident Report SIS Technician Butler on May 18, 2015, was inspecting an outgoing piece of Campbell's mail. Id. at 2-4. The envelope was addressed to Campbell's son Maritque Johnson who was residing in Forestville, Maryland, and contained a handwritten letter, a photo of Campbell and a homemade card. Id. The card was folded several times and taped on the

---

2. 28 C.F.R. § 541.3(a), "Prohibited acts" states that "[t]he list of prohibited acts are divided into four separate categories based on severity: Greatest; High; Moderate; and Low. We described the prohibited acts in Table 1 - Prohibited Acts and Available Sanctions. Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself."

edges. Id. Upon removing the tape and unfolding the card, handwritten instructions for introduction of contraband (referred to as "candy") into the prison were discovered. Id. "Candy" according to the Discipline Hearing Officer Report is a code word for narcotics. Id. Based on this attempted mailing and a comparison of the handwriting with known samples of Campbell's handwriting the Disciplinary Hearing Officer ("DHO") found Campbell guilty of the Code 111 offense. Id.

At the disciplinary hearing, Campbell was assisted by a staff representative C. Cienki who was provided all documents relating to the case and noted no discrepancies in the discipline process. Id. He further met with Campbell in advance of the hearing to discuss the case. Id. Campbell was verbally advised of his rights before the DHO and indicated that he understood those rights and provided a statement in essence denying that he committed the offense and that the evidence was insufficient to conclude that the term "Candy" was a code word for narcotics. Id. Campbell further noted a discrepancy between telephone calls he made to his son on May 12 and 13, 2015, where he referred to a letter and photo he had already mailed and the fact that the mailing was not reviewed by SIS Technician Butler until May 18, 2015. Id. Campbell also specifically denied that the card

discovered and the instructions contained therein were prepared and written by him.[3] Id.

As relief Campbell requests that the finding of guilt be overturned and that Incident Report 2716879 be dismissed. Doc. 2, at 5. On October 16, 2015, Campbell filed a motion to proceed in forma pauperis. Doc. 9. Campbell will be granted in forma pauperis status for the sole purpose of filing the petition and the petition will be dismissed for the reasons set forth below.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to preliminary screening pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, as made applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits

---

3. In contrast during the administrative review process Campbell although denying that he was guilty of Offense Code 111, he admitted he was guilty of Offense Code 396 ("Use of mail for abuses other than criminal activity which do not circumvent mail monitoring; or use of the mail to commit a further Moderate category prohibited act" and Offense Code 398 ("Interfering with a staff member in the performance of duties most like another Moderate severity prohibited act"). Doc. 3, at 5.

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall. . . deprive any person of life, liberty, or property, without due process of law. . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction

for serious misconduct, the Supreme Court held that such inmates had various procedural due process protections in a prison disciplinary proceeding, including the right to call witnesses and to appear before an impartial decision-maker.[4]

While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir.2002) (citing Sandin v. Conner, 515 U.S. 472, 486(1995)). Campbell's disciplinary segregation and loss of commissary, telephone and visiting privileges do not invoke the same due process protections. See Torres, 292 F.3d at 150-51. Additionally, these

---

4. In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71. The Supreme Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

punishments cannot be challenged under § 2241 because in no manner do they affect the fact or length of his sentence or confinement. See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir.2002).

Moreover, it is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973). Campbell does not challenge the fact or duration of his confinement. Therefore, his present challenge to Incident Report 2716879 is inappropriately raised in a habeas corpus petition and will be dismissed.

Finally, Campbell is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.